YOUNG, a Minor, et al., Appellants,

v.

NAPOLEON BOARD OF EDUCATION, Appellee.

[Cite as *Young v. Napoleon Bd. of Edn.* (1994), 93 Ohio App.3d 28.]

Court of Appeals of Ohio,
Henry County.

No. 7-93-13.

Decided Feb. 4, 1994.

---

---

*Williams, Jilek, Lafferty & Gallagher Co., L.P.A.,* and *Drew R. Masse,* for appellants.

*Weaner, Zimmerman, Bacon, Yoder & Hubbard* and *John W. Weaner,* for appellee.

SHAW, Presiding Judge.

Plaintiff-appellant, Jeremy D. Young, appeals the judgment of dismissal entered in the Henry County Court of Common Pleas in this personal injury action brought by plaintiff against defendant-appellee, Napoleon Board of Education.

On April 25, 1988, plaintiff, then ten years old, suffered various injuries as a result of a fall from a set of "monkey bars" located on the playground at West Elementary School in Henry County. West Elementary School is in the Napoleon School District and is under the dominion and control of defendant, Napoleon Board of Education.

On March 31, 1993, plaintiff, by and through his mother, filed this action against the Napoleon Board of Education, seeking damages for the injuries sustained in the playground accident. On May 28, 1993, defendant filed a motion to dismiss. One basis for that motion was that the court lacked jurisdiction because the action was not filed within the applicable statute of limitations, set forth in R.C. 2744.04(A).

On June 30, 1993, plaintiff filed his memorandum in opposition to defendant's motion to dismiss. Therein, plaintiff asserted that the two-year statute of limitations found in R.C. 2744.04(A) was not applicable to plaintiff due to his age or, if applicable, was unconstitutional.

On July 29, 1993, the trial court granted defendant's motion to dismiss on the basis that the action was not brought within the two-year statute of limitations found in R.C. 2744.04(A).

Plaintiff thereafter brought the instant appeal, raising the following assignment of error:

"The trial court below committed error in holding that appellant's claim was barred by the two-year statute of limitations period contained [in R.C.] 2744.-04(A)."

In support of his assignment of error, plaintiff argues that R.C. 2744.04(A), as applied to minors, violates the Equal Protection and Due Process Clauses of the United States and Ohio Constitutions. Plaintiff asserts that because of his minor age, he suffers a legal disability which, in turn, constitutionally prohibits the application of R.C. 2744.04(A) to plaintiff until he reaches the age of majority.

R.C. 2744.04(A) provides:

"An action against a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, whether brought as an original action, cross-claim, counterclaim, third-party claim, or claim for subroga-

tion, shall be brought within two years after the cause of action arose, or within any applicable shorter period of time provided by the Revised Code. This division applies to actions brought against political subdivisions by all persons, governmental entities, and the state."

The general rule as to statutes of limitations is that they apply equally to all persons, whether under legal disability or not, unless an express saving clause excepts certain persons from the operation of such statutes. See, *e.g., Burlovic v. Farmer* (1954), 162 Ohio St. 46, 52, 54 O.O. 5, 8, 120 N.E.2d 705, 708, citing *Favorite v. Booher's Admr.* (1867), 17 Ohio St. 548.

Moreover, in analyzing the constitutionality of a statute, we must initially presume that the statute is constitutional. See, *e.g., Schwan v. Riverside Methodist Hosp.* (1983), 6 Ohio St.3d 300, 301, 6 OBR 361, 362–363, 452 N.E.2d 1337, 1338, citing *Beatty v. Akron City Hosp.* (1981), 67 Ohio St.2d 483, 493, 21 O.O.3d 302, 308, 424 N.E.2d 586, 592–593. See, also, R.C. 1.47.

With these legal principles in mind, we turn first to plaintiff's due process argument. "A legislative enactment will be deemed valid on due process grounds ' * * * [1] if it bears a real and substantial relation to the public health, safety, morals or general welfare of the public and [2] if it is not unreasonable or arbitrary.' " *Mominee v. Scherbarth* (1986), 28 Ohio St.3d 270, 274, 28 OBR 346, 349–350, 503 N.E.2d 717, 720–721, quoting *Benjamin v. Columbus* (1957), 167 Ohio St. 103, 4 O.O.2d 113, 146 N.E.2d 854, paragraph five of the syllabus.

In *Mominee v. Scherbarth,* the Supreme Court of Ohio addressed the issue of whether R.C. 2305.11(B), the statute of limitations applicable to medical malpractice claims, was unconstitutional as applied to minors. The Supreme Court concluded that R.C. 2305.11(B) did violate the due process or due course of law provision of the Ohio Constitution inasmuch as the statute operated to extinguish the cause of action of a minor prior to the date upon which he was legally entitled to assert his malpractice claim, that date being the date upon which the minor reaches the age of majority.

In *Mominee,* the Supreme Court first determined that there was not a real and substantial relationship between the goals of the statute at issue there and that statute's application to minors. The Supreme Court then addressed the issue of whether the statute was unreasonable or arbitrary as applied to minors. In so doing, the Supreme Court provided the following analysis:

" * * * The Ohio due process or due course of law provisions require that all courts be open to every person who is injured. Section 16, Article I, Ohio Constitution. Yet, we believe that upholding R.C. 2305.11(B) against minors effectively closes the courthouse doors to them. It is beyond dispute that a minor has no standing to sue before he or she reaches the age of majority.

Civ.R. 17(B). However, given the abrogation of the 'disabilities' tolling statute in R.C. 2305.11(B), minors may, as in the cause *sub judice,* lose their rights to redress before they reach eighteen years of age. Thus, the sum and substance of R.C. 2305.11(B) is that a minor shall have no standing to sue before attaining the age of majority, and no right to bring suit thereafter. Such, in our view, is totally unreasonable and patently arbitrary.

"The usual response to this conclusion is that a minor's parent or guardian may sue for, and on behalf of, the child. We find such a suggestion to be troublesome for several reasons. First, because of the inability of many children to recognize or articulate physical problems, parents may be unaware that medical malpractice has occurred. Second, the parents themselves may be minors, ignorant, lethargic, or lack the requisite concern to bring a malpractice action within the time provided by statute. See *Sax v. Votteler* (Tex.1983), 648 S.W.2d 661, 667. Third, there may effectively be no parent or guardian, concerned or otherwise, in the minor's life. For example, children in institutions, foster homes, and wards of court or others are provided no safeguards, nor do such minors have the requisite ability to seek redress or to protect personal interests.

"The Eighth Appellate District asserted in its opinion in *Wainstein v. University Hospitals, supra* [ (Ohio App.1985), 1985 WL 7940], that the courthouse doors were not unreasonably closed to minors under R.C. 2305.11(B). The appellate court reasoned that, because parental immunity has been abolished, see *Kirchner v. Crystal* (1984), 15 Ohio St.3d 326 [474 N.E.2d 275], children may bring an action against their parents for failing to file a malpractice claim for them. We reject this conclusion for several reasons.

"First, we find it unrealistic to expect that children would seek legal redress against their parents as willingly as against the parties who are alleged to be medically negligent. Placing young adults in a dilemma in which they must choose between suing their parents or abandoning their claims has the practical effect of chilling their due process rights.

"Second, assuming *arguendo* that an eighteen year old would be inclined to commence a lawsuit against his or her parents for negligent failure to file a timely medical malpractice action, the same evidentiary concerns remain that are concomitant with a malpractice suit. A claim for parental negligence in this context would necessitate proof that there was merit to the underlying claim of medical malpractice. Thus, under such circumstances, litigation of the purportedly stale claims would still be required. As a result, R.C. 2305.11(B) would not advance its ostensible goal of preventing stale claims.

"Finally, if parents are faced with the prospect of a possible lawsuit for failure to file a timely malpractice claim, they may feel obligated to commence an action on behalf of the child in order to preserve a purely speculative claim, regardless

of its merit. Even if no lawsuit is filed, since a parent is placed in the position of protector for a child's possible lawsuit, the physician-parent relationship takes on an adversarial nature ill-suited to optimal health care for the child. As we have noted previously, mutual confidence is essential to the physician-patient relationship. See *Oliver v. Kaiser Community Health Found.* (1983), 5 Ohio St.3d 111, 112–113 [5 OBR 247, 248–249, 449 N.E.2d 438, 439–440]. Thus, the ultimate goal of R.C. 2305.11(B), the advancement of health care to Ohioans, would be frustrated.

"Based on all the foregoing, we hold that R.C. 2305.11(B) is unconstitutional as applied to minors under the due course of law provisions of the Ohio Constitution." (Footnote omitted.) *Id.*, 28 Ohio St.3d at 275–276, 28 OBR at 350–351, 503 N.E.2d at 721–722.

The main concerns raised by the Supreme Court in *Mominee* appear to us to be equally applicable to the case *sub judice.* Specifically, the application of R.C. 2744.04(A) to minors having a potential claim against a political subdivision would also result in effectively closing the courthouse doors to those minors, for the same reasons cited in *Mominee.* As minors have no standing to sue, applying R.C. 2744.04(A) to them would cause them to lose their rights to redress before reaching the age of majority.

Moreover, parents would not be in any better position to protect the rights of their minor children in this type of case than in a medical malpractice situation. First, the inability of children to recognize or articulate physical problems, resulting in parents' remaining unaware of the child's injury, is a problem whenever a physical injury is involved, whether stemming from medical malpractice or a playground accident. Second, the parents, because of their own "minority, ignorance, lethargy, or lack of concern," may fail to timely file an action on behalf of the minor. Third, there may be certain minors who essentially have no parent or guardian.

Finally, we do not believe that children would be any more likely to sue their parents for negligent failure to timely file a claim against a political subdivision than children would be to sue their parents over such failure in the context of medical malpractice.

For all of these reasons, we must conclude that the application of R.C. 2744.04(A) to minors is both unreasonable and arbitrary and, as such, is a violation of the right to due process.

Plaintiff also challenges R.C. 2744.04(A) on equal protection grounds. Plaintiff's argument, as we understand it, is that the application of R.C. 2744.-04(A) to minors creates a classification which is violative of the right to equal protection.

First, we note that R.C. 2744.04(A) does not create any classifications or distinctions among classes of persons, as the statute by its terms applies to "all persons, governmental entities, and the state." In any event, an equal protection analysis of R.C. 2744.04(A) requires that the "rational basis" test be applied. See *Schwan v. Riverside Methodist Hosp.* (1983), 6 Ohio St.3d 300, 301, 6 OBR 361, 362–363, 452 N.E.2d 1337, 1338. As such, " ' * * * the statute must be upheld if there exists any conceivable set of facts under which the classification rationally furthered a legitimate legislative objective.' " *Id.,* quoting *Denicola v. Providence Hosp.* (1979), 57 Ohio St.2d 115, 119, 11 O.O.3d 290, 293, 387 N.E.2d 231, 234.

The purpose of any statute of limitations is to prevent the assertion of stale claims, because of the difficulty involved in asserting, and defending, a legal claim after a substantial lapse of time from the point the claim arose. See, generally, 66 Ohio Jurisprudence 3d (1986), Limitations and Laches, Section 2. Such a goal is a rational governmental objective and we conclude that R.C. 2744.04(A) is rationally related to a legitimate governmental interest and does not conflict with the right of equal protection as guaranteed by the United States and Ohio Constitutions.

In summary, although we find plaintiff's equal protection argument to be without merit, plaintiff's assignment of error is sustained due to our conclusion that R.C. 2744.04(A), as applied to minors, is violative of due process. Accordingly, the judgment entered in the Henry County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

THOMAS F. BRYANT and HADLEY, JJ., concur.