[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION.
Defendant-appellant Carlos Sanders, nka Siddique Abdullah Hasan, appeals from the judgment of the trial court dismissing his petition for postconviction relief. We affirm the judgment of the trial court.
Hasan has assigned twenty-five errors to the trial court's decision. R.C. 2953.21 prohibits the lower court and this court from considering any challenge to Hasan's conviction that either was or could have been raised on Hasan's direct appeal from his conviction and sentence.
 ISSUES ALREADY RAISED AND DETERMINED IN HASAN'S DIRECT APPEAL
Our review of the record indicates that the following assignments of error have already been raised and adjudicated in Hasan's previous appeal:
 FIRST ASSIGNMENT OF ERROR: Ineffective assistance of trial counsel (this was the eighth assignment of error in the direct appeal).
 FOURTH ASSIGNMENT OF ERROR: Trial court allowed race to be used as an aggravating circumstance, conviction is therefore unconstitutional (this was the thirty-fifth assignment of error in the direct appeal).
 FIFTH ASSIGNMENT OF ERROR: Trial court refused to appoint an expert to examine audio tapes that were used against defendant at trial (this was the first assignment of error in the direct appeal).
 SIXTH ASSIGNMENT OF ERROR: Trial court did not allow defendant an opportunity to supplement the record after trial to include information about improper actions of trial counsel to prove ineffective assistance of counsel (this was the fifteenth assignment of error in the direct appeal).
 EIGHTH ASSIGNMENT OF ERROR: Conviction was based on insufficient evidence (this was the twenty-fifth assignment of error in the direct appeal).
 NINTH ASSIGNMENT OF ERROR: The conviction was against the manifest of the evidence (this was the twenty-sixth assignment of in the direct appeal).
 TENTH ASSIGNMENT OF ERROR: Prosecutorial Misconduct (some of the specific allegations of misconduct were raised as the twenty-second, twenty-ninth and thirty-second assignments of error in the direct appeal).[1]
 ELEVENTH ASSIGNMENT OF ERROR: Death penalty is unconstitutional (this was the sixteenth assignment of error in the direct appeal).
 TWELFTH ASSIGNMENT OF ERROR: Death penalty is disproportionately applied and court should not have accepted jury's recommendation of death (this was the seventeenth assignment of error in the direct appeal).
 THIRTEENTH ASSIGNMENT OF ERROR: Court unconstitutionally restricted voir dire (this was the nineteenth assignment of error in the direct appeal).
 FIFTEENTH ASSIGNMENT OF ERROR: Trial court improperly allowed prosecutor to inject racial and religious considerations into the trial (this was the twenty-ninth assignment of error in the direct appeal).
 SIXTEENTH ASSIGNMENT OF ERROR: Trial court erred in not requiring prosecutors to review Department of Rehabilitation records when they were asked to provide defense with evidence favorable to defendant (this was the second assignment of error in the direct appeal).
 SEVENTEENTH ASSIGNMENT OF ERROR: Trial court erred in denying defendant's request for protective order (this was the fourth assignment of error in the direct appeal).
 EIGHTEENTH ASSIGNMENT OF ERROR: Trial court erred by allowing a change of venue for the prosecutors' convenience (this was the fifth assignment of error in the direct appeal).
 NINETEENTH ASSIGNMENT OF ERROR: Trial court erred by refusing defendant's request for a continuance (this was the seventh assignment of error in the direct appeal).
 TWENTIETH ASSIGNMENT OF ERROR: Trial court failed to allow defendant's counsel to voir dire jurors after they had been exposed to anti-death-penalty protestors (this was the twelfth assignment of error in the direct appeal).
 TWENTY-FIRST ASSIGNMENT OF ERROR: Cumulative errors in the trial deprived defendant of fair trial and maDE death sentence erroneous (this was the twenty-first assignment of error in the direct appeal).
 TWENTY-THIRD ASSIGNMENT OF ERROR: State failed to prove that death penalty was appropriate (this was the twenty-third assignment of in the direct appeal).
 TWENTY-FOURTH ASSIGNMENT OF ERROR: Trial court erred by failing to dismiss the jury based on comments made by one of the jurors (this was the tenth assignment of error in the direct appeal).
 TWENTY-FIFTH ASSIGNMENT OF ERROR: Trial court erred in failing to allow use of audio tape in defendant's case in chief (this was the thirteenth assignment of error in the direct appeal).
Because all of the foregoing assignments of error were raised and adjudicated in Hasan's direct appeal, res judicata prohibits the trial court and this court from re-addressing these issues.
 ISSUES THAT COULD HAVE BEEN RAISED ON DIRECT APPEAL
Issues that a defendant could have raised on direct appeal of his conviction and sentence are likewise barred by res judicata from consideration in a postconviction petition, unless material evidence supporting such issues is dehors the record. See Statev. Milanovich (1975), 42 Ohio St.2d 46, 325 N.E.2d 540.
Hasan's seventh assignment of error raises a claim of ineffective assistance of trial counsel on the ground that the counsel appointed to represent him at trial was not certified to represent defendants eligible for the death penalty in accordance with C.P.Sup.R. 65.[2] This evidence would be dehors the record in this case. Hasan claims that counsel's failure to obtain certification is prima facie evidence of ineffective assistance of counsel and prejudice. We disagree.
Other courts considering this issue have held that lack of certification is one factor to be considered in determining whether a defendant received effective assistance of counsel, but the absence of certification does not require the conclusion that counsel was ineffective. See State v. Keith (1997), 79 Ohio St.3d 514,684 N.E.2d 47, certiorari denied sub nom. Keith v. Ohio (1998), ___ U.S. ___, 118 S.Ct. 1393; State v. Misch (1995), 101 Ohio App.3d 640,651, 656 N.E.2d 381; State v. Harris (Dec. 21, 1994), Montgomery App. No. 14343, unreported.
In State v. Keith and State v. Misch, the courts noted that counsel had been retained by the defendants, not appointed by the court. Nevertheless, the courts addressed the question of whether representation by an attorney not certified pursuant to C.P.Sup.R. 65 was per se ineffective. The courts answered that question in the negative. Rather, the effectiveness of counsel not qualified under C.P.Sup.R. 65 must be judged according to the standards set out in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052.
Like the court in State v. Harris, supra, we hold that the same analysis applies to appointed counsel. If retained counsel is notper se ineffective simply because he or she is not certified pursuant to C.P.Sup.R. 65, there is no reason that the absence of certification should give rise to a presumption of ineffectiveness for appointed counsel. The rules of superintendence for the courts are guidelines for judges and do not create substantive rights for individual litigants. See State v. Mahoney (1986),34 Ohio App.3d 114, 116-117, 517 N.E.2d 957, 960. Therefore, we hold that certification of appointed counsel pursuant to C.P.Sup.R. 65 is only one factor to consider in resolving a claim of ineffective assistance of counsel.
In the direct appeal of his conviction, Hasan raised ineffective assistance of counsel as error. This court has already determined that Hasan was not denied the effective assistance of trial counsel, and the additional fact that trial counsel might not have been certified does not lead us to change that decision. Therefore, we hold that Hasan was not denied effective assistance of counsel, and we affirm the trial court's determination of that issue.
The following assignments of error could have been raised on direct appeal, but were not, and Hasan has submitted no material evidence supporting the assignments of error that is dehors the record:
 FOURTEENTH ASSIGNMENT OF ERROR: Special Prosecutor selectively prosecuted certain inmates, in violation of due process.
 TWENTY-SECOND ASSIGNMENT OF ERROR: Prosecutors determined indictments based on identity of victims and perpetrators and/or perpetrator's willingness to cooperate in other death penalty cases.
Because these assignments of error could have been raised on direct appeal, res judicata now bars Hasan from raising them in the postconviction appeal. The trial court did not err in denying Hasan's petition for postconviction relief based on the assignments of error raised in the postconviction petition.
 REMAINING ASSIGNMENTS OF ERROR
Hasan's second assignment of error is that he was denied the effective assistance of appellate counsel. This claim is not cognizable in a postconviction petition. See State v. Murnahan
(1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, paragraph one of the syllabus.
Hasan's third assignment of error challenges the constitutionality of the postconviction statute, R.C. 2953.21. Hasan claims that the time designated in the statute for filing postconviction petitions denies his rights to due process, equal protection and effective assistance of counsel because it is vague and ambiguous.
Before a legislative enactment may be declared unconstitutional, "it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." See State exrel. Dickman v. Defenbacher (1955), 164 Ohio St. 142,128 N.E.2d 59, paragraph one of the syllabus; State v. Thompkins (1996),75 Ohio St.3d 558, 560, 664 N.E.2d 926, 928. All doubts regarding the validity of a statute "are to be resolved in favor of the statute." See State v. Gill (1992), 63 Ohio St.3d 53, 55,584 N.E.2d 1200, 1201, citing State ex rel. Swetland v. Kinney (1982),69 Ohio St.2d 567, 433 N.E.2d 217; State v. Smith (1997), 80 Ohio St.3d 89,684 N.E.2d 668, certiorari denied sub nom. Smith v. Ohio
(1998), ___ U.S. ___, 118 S.Ct. 1811. The party seeking to have the statute declared unconstitutional bears the burden of proving beyond a reasonable doubt that the statute and a constitutional provision are incompatible. State v. Warner (1990), 55 Ohio St.3d 31,564 N.E.2d 18, citing State ex rel. Dickman v. Defenbacher,supra.
The right to file a postconviction petition for relief is a statutory right, not a constitutional right. As the Supreme Court of Ohio has stated, "postconviction state collateral review itself is not a constitutional right, even in capital cases." See Statev. Steffen (1994), 70 Ohio St.3d 399, 639 N.E.2d 67 (citations omitted). Consequently, the statute is valid on due process grounds "if it bears a real and substantial relation to the public health, safety, morals or general welfare of the public and if it is not unreasonable or arbitrary." See Mominee v. Scherbarth
(1986), 28 Ohio St.3d 270, 274, 503 N.E.2d 717, 720-721, quotingBenjamin v. Columbus (1957), 167 Ohio St. 103, 146 N.E.2d 854, paragraph five of the syllabus.
Likewise, the statute may not be found to violate equal protection unless it fails to bear a rational relation to a legitimate state interest. See Schwan v. Riverside Methodist Hosp. (1983), 6 Ohio St.3d 300,301, 452 N.E.2d 1337, 1338. Finally, in State v.Anderson (1991), 57 Ohio St.3d 168, 171, 566 N.E.2d 1224,1226-1227, the Ohio Supreme Court has held that to prove that a statute is void for vagueness,
 the challenging party must show that the statute is vague "not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all." In other words, the challenger must show that upon examining the statute, an individual of ordinary intelligence would not understand what he is required to do under the law. [Citations omitted.]
 In this case, Hasan has failed to meet his burden to establish that the 180-day limitation in the postconviction statute is unconstitutional in any way. He does not allege that a person of ordinary intelligence would not understand what he is required to do. Neither does he make any allegation that the 180-day limitation period treats one class of individuals differently than another. His only allegation is that the limit deprives a defendant's counsel of sufficient time to assess and advance all possible claims for relief. He claims that "Post Conviction Counsel must anticipate errors which occurred at the Trial Level and at the Level of the first step in a direct appeal, and further must anticipate his own Ineffective Assistance of Counsel."
This allegation, standing alone, is insufficient to overcome the presumptive constitutionality of the statute. "Post Conviction Counsel" is prohibited from raising errors that occurred at the trial or appellate level, unless the evidence of the error is dehors the record and of constitutional significance. Additionally, R.C. 2953.23 specifically provides an exception to the 180-day rule when the petitioner can show that he was unavoidably prevented from discovering the error at an earlier date.
Finally, the 180-day limitations period set forth in R.C. 2953.21
does not affect those claims of ineffective assistance of trial counsel that must be raised on direct appeal; ineffective assistance of appellate counsel, which must be raised by motion to reopen an appeal; or ineffective assistance of postconviction counsel, which, by its terms, would have to be raised sometime subsequent to the filing and determination of the petition.
For the foregoing reasons, we reject Hasan's challenge to the constitutionality of the 180-day limitation in R.C. 2953.21.
 CONCLUSION
We overrule all of Hasan's assignments of error and affirm the judgment of the trial court dismissing his petition for postconviction relief.
Judgment affirmed.
 Doan, P.J., Hildebrandt and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] To the extent that specific instances of conduct were alleged in the postconviction petition that were not alleged in the direct appeal, we again note that matters that could have been raised but were not raised in the direct appeal are barred from consideration in the postconviction petition. See State v. Perry
(1967), 10 Ohio St.2d 175, 226 N.E.2d 104; State v. McCullough
(1992), 78 Ohio App.3d 587, 591, 605 N.E.2d 962.
[2] Hasan refers to this rule as "Rule 65 of the Rules of Governance of the Bar," but the applicable former rule relating to certification of attorneys for death-penalty cases is actually "Rule 65 of the Rules of Superintendence for the Courts of Ohio." The number of the rule has changed and is now designated Sup.R. 20. However, we will continue to refer to the rule as Rule 65, since that is the designation used by the parties.