OPINION
{¶ 1} Plaintiff-appellant, Mark Nasser, guardian of Jamal Nasser (Jamal), appeals from the decision of the Mahoning County Court of Common Pleas dismissing his lawsuit against defendants-appellees, Orthopaedic Associates of Youngstown, Inc. (Orthopaedic Associates) and A.D. Kasamias, M.D. (Dr. Kasamias).
 {¶ 2} Appellant filed a complaint on December 18, 2000 on Jamal's behalf alleging that on, before and after June 27, 1984 Dr. Kasamias was negligent in treating him and as a direst result Jamal suffered injuries to his left arm and elbow causing pain, suffering, disability and permanent damage. The complaint also alleged that at all relevant times Dr. Kasamias was employed by Orthopaedic Associates and acted within the scope of his employment.
 {¶ 3} The complaint stated that Jamal originally filed his claim on September 16, 1986. It stated that in November of 1988 Jamal began treatment for psychological/psychiatric disorders. The complaint further alleged that sometime before November of 1991, Jamal's psychological/psychiatric disorders progressed to the point that he became mentally incompetent. The complaint also stated that Jamal's original claim was dismissed without prejudice on November 27, 1991. It finally asserted that the Mahoning County Probate Court granted appellant guardianship over his brother Jamal on November 27, 2000.
 {¶ 4} Appellees filed a Civ.R. 12(B)(6) motion to dismiss the complaint for failure to state a claim alleging that the statute of limitations had expired. They asserted that Jamal should have refiled his compliant by November 27, 1992. Appellant filed a response claiming that Jamal had been of unsound mind and, therefore, the savings statute tolled the statute of limitations. At this time, he also asserted that the application of R.C. 2305.16 to Jamal's case that appellees urged would deny Jamal of equal protection of the law. The trial court treated appellees' 12(B)(6) motion as a motion for summary judgment and reviewed evidentiary materials submitted by appellant. It determined in its May 31, 2001 judgment entry that Jamal did not meet the requirements of the savings statute and, therefore, the statute of limitations precluded him from litigating his claim. Appellant filed his notice of appeal on July 2, 2001.
 {¶ 5} Appellant asserts two assignments of error, the first of which states:
 {¶ 6} "THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION TO DISMISS, AS THE APPLICATION OF O.R.C. § 2305.16 TO THE FACTS OF THIS CASE OPERATES TO DENY JAMAL NASSER EQUAL PROTECTION OF THE LAW."
 {¶ 7} Appellant argues that R.C. 2305.16 prejudices Jamal since he became of unsound mind after his cause of action accrued. He asserts that R.C. 2305.16 as applied to Jamal denies him of the fundamental right to redress his injury in court. Appellant claims that the statute's requirement that one must be hospitalized with a diagnosis resulting in an unsound mind is not applicable to the mentally ill of today. Furthermore, appellant argues that the statute unfairly discriminates against the poor who cannot afford the best healthcare insurance.
 {¶ 8} Appellant presents a historical background of mental disorders and how the medical profession has treated them since the enactment of R.C. 2305.16. He explains that at the time the legislature enacted R.C. 2305.16, many more people were institutionalized than are today. Appellant points out that in the late 1970s Ohio enacted R.C.5122.01, which restricts involuntary hospitalization only to those who are dangerous to themselves or others. Appellant asserts that when read together, R.C. 5122.01 and R.C. 2305.16 create a privileged class for those who are homicidal and suicidal.
 {¶ 9} Appellant asserts that R.C. 2305.16 denies Jamal of equal protection of the law. Appellant maintains that access to the civil litigation process is a fundamental right. He argues that the result of R.C. 2305.16 is to summarily exclude plaintiffs who become of unsound mind after their cause of action accrues the opportunity to litigate their claims. He asserts that such plaintiffs in Jamal's position should be permitted to introduce evidence that they are of unsound mind, as are plaintiffs who are of unsound mind before their cause of action accrues. Appellant argues that the government lacks any compelling interest to justify the removal of the fundamental right to litigate from members of this suspect group.
 {¶ 10} R.C. 2305.16 provides:
 {¶ 11} "Unless otherwise provided in sections 1302.98, 1304.35, and 2305.04 to 2305.14 of the Revised Code, if a person entitled to bring any action mentioned in those sections, * * *, is, at the time the cause of action accrues, within the age of minority or of unsound mind, the person may bring it within the respective times limited by those sections, after the disability is removed. * * *.
 {¶ 12} "After the cause of action accrues, if the person entitled to bring the action becomes of unsound mind and is adjudicated as such by a court of competent jurisdiction or is confined in an institution or hospital under a diagnosed condition or disease which renders the person of unsound mind, the time during which the person is of unsound mind and so adjudicated or so confined shall not be computed as any part of the period within which the action must be brought."
 {¶ 13} According to the statute, if a plaintiff is of unsound mind at the time his cause of action accrues, the applicable statute of limitations will not begin to run until the disability is removed. R.C.2305.16. If a plaintiff becomes of unsound mind after his cause of action has accrued, the statute of limitations is tolled during the time that the plaintiff is of unsound mind only if the plaintiff is adjudicated by a court as being of unsound mind or is institutionalized or hospitalized for a diagnosis that renders him of unsound mind. Id.
 {¶ 14} The Ninth District Court of Appeals explained the different types of evidence permitted based on whether a plaintiff's unsound mind occurred before his cause of action accrued or after his cause of action accrued in Bradford v. Surgical Med. Neurology Assoc., Inc.
(1994), 95 Ohio App.3d 102. The court stated:
 {¶ 15} "If it is claimed that [the plaintiff] was of unsound mind at the time the cause of action accrued, any otherwise admissible evidence tending to support that claim may be used to establish her entitlement to tolling. See Almanza v. Kohlhorst (1992),85 Ohio App.3d 135, 619 N.E.2d 442. If it is claimed that [the plaintiff] became of unsound mind after accrual of the cause of action, however, the evidence on that issue must include either an adjudication by a court or evidence that she was institutionalized or hospitalized for a condition or disease that caused her to be of unsound mind. The tolling provided by R.C. 2305.16 for someone who became of unsound mind after the accrual of her cause of action lasts only during the period `during which [the] person is adjudicated as being of unsound mind or confined under a diagnosed condition which renders [her] of unsound mind.' Fisher v. OhioUniv. (1992), 63 Ohio St.3d 484, 487, 589 N.E.2d 13, 16." Id. at 106.
 {¶ 16} Appellant argues that this difference in the evidence permitted, and in Jamal's case required by R.C. 2305.16, violates Jamal's equal protection rights because it requires a different standard depending on when a plaintiff's unsound mind occurs.
 {¶ 17} Although appellant states in this assignment of error that he challenges the "application of O.R.C. § 2305.16 to the facts of this case," he appears to argue that the statute is both invalid on its face and in its application to the facts of this case. Since appellant never served the attorney general with notice of his allegation that R.C. 2305.16 is unconstitutional, we shall refrain from addressing appellant's facial attack on the statute. Cicco v. Stockmaster (2000),89 Ohio St.3d 95. However, we will proceed to address appellant's assertion that R.C. 2305.16 as applied to the facts of this case operate to deny Jamal equal protection of the law. See Fischer v. Wright, 5th Dist. Nos. 00-CA-028, 01-CA-003, 2001-Ohio-1900; Tablack v. McMahon
(Aug. 19, 1991), 7th Dist. No. 90-CA-163.
 {¶ 18} First, we must note that all legislative enactments enjoy a presumption of constitutionality. State v. Anderson (1991),57 Ohio St.3d 168, 171, Benevolent Assn. v. Parma (1980),61 Ohio St.2d 375, 377. Furthermore, courts must apply all presumptions and pertinent rules of construction to uphold, if at all possible, a statute or ordinance alleged to be unconstitutional. State v. Sinito
(1975), 43 Ohio St.2d 98, 101.
 {¶ 19} When determining whether a statute violates the right to equal protection, the court's first determination must be whether a suspect class or a fundamental right is involved. Conley v. Shearer
(1992), 64 Ohio St.3d 284, 290. If neither a suspect class nor a fundamental right is involved, the classification at issue is subject to the rational basis test. Id. Under the rational basis test, the court will uphold the statute as long as it bears a rational relation to some legitimate state interest. Romer v. Evans (1996), 517 U.S. 620, 631, citing Heller v. Doe (1993), 509 U.S. 312, 319-20.
 {¶ 20} Since appellant raises his equal protection argument with respect to access to the courts, arguably a fundamental right is involved. However, Jamal was not denied his right of access to the courts. A one-year statute of limitations applies to Jamal's case since he is attempting to bring a medical malpractice claim against appellees. R.C. 2305.11(B). Jamal filed his original claim in September of 1986. The trial court dismissed Jamal's case without prejudice on November 27, 1991. Thus, he had until November 27, 1992 to re-file his claim. Accordingly, since this case does not affect a fundamental right, we will analyze it under the rational basis test.
 {¶ 21} The purpose of any statute of limitations is to bar the assertion of stale claims, because of the difficulty involved in asserting, and defending, a legal claim after a substantial lapse of time from the date of accrual. Young v. Napoleon Bd. of Edn. (1994),93 Ohio App.3d 28, 34. Furthermore, the statute of limitations for medical claims was enacted in response to what many perceived as a medical malpractice crisis that resulted in increased medical malpractice insurance premiums, cancellation of policies, and physician work slowdowns or stoppages. Grubb v. Columbus Community Hosp. (1997),117 Ohio App.3d 670, 677-78, citing Vance v. St. Vincent Hosp. (1980),64 Ohio St.2d 36, 40, overruled on other grounds by Schwan v. RiversideMethodist Hosp. (1983), 6 Ohio St.3d 300. The purpose behind the one-year statute of limitations was to decrease the number of medical malpractice claims and thus lessen the costs to health care providers and malpractice insurance carriers. Grubb, 117 Ohio App.3d at 678. Both of these purposes are legitimate state interests. Id.; Young, 93 Ohio App.3d at 34.
 {¶ 22} A plaintiff who is of unsound mind at the time his cause of action accrues generally does not have the mental capability to recognize his cause of action or to secure counsel. However, Jamal, a plaintiff who became of unsound mind after his cause of action accrued, had the ability to recognize his cause of action and secure legal counsel before his unsound mind set in. Thus, the state has a legitimate basis for making the tolling of the statute of limitations more accessible to those who are of unsound mind when their cause of action accrues. Therefore, the state has a rational basis for distinguishing between a plaintiff whose unsound mind occurs before his or her cause of action accrues and one like Jamal whose unsound mind comes about after his claim arises.
 {¶ 23} Thus, appellant's first assignment of error is without merit.
 {¶ 24} Appellant's second assignment of error states:
 {¶ 25} "THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION TO DISMISS, AS THE APPLICATION OF O.R.C. § 2305.16 TO THE FACTS OF THIS CASE VIOLATES THE RIGHT TO REMEDY CLAUSE OF THE OHIO CONSTITUTION."
 {¶ 26} Appellant next contends that the trial court denied Jamal, a person who became of unsound mind after his cause of action accrued, his right to remedy because he was not institutionalized. He argues that the right to remedy clause of the Ohio Constitution sets a threshold for government action that the claimant must have knowledge of his injury and its cause. Citing, Burgess v. Eli Lilly Co. (1993), 66 Ohio St.3d 59,61. Appellant maintains that an individual of unsound mind does not fully understand or appreciate the nature of his injury, its ramifications, the cause, or the legal remedy.
 {¶ 27} Appellant challenges the trial court's decision as violating the right to remedy clause under Article I, Section 16 of the Ohio Constitution for the first time on appeal. This court will not consider issues on appeal that were not presented for consideration below. Thus, we will not consider the merits of appellant's second assignment of error.
 {¶ 28} For the reasons stated above, the decision of the trial court is hereby affirmed.
Vukovich, J., concurs.
DeGenaro, J., concurs in judgment only; see concurring in judgment only opinion.