The STATE of Ohio, Appellee,

v.

McCULLOUGH, Appellant.

[Cite as *State v. McCullough* (1992), 78 Ohio App.3d 587.]

Court of Appeals of Ohio,
Lucas County.

No. L–91–128.

Decided Feb. 28, 1992.

*Anthony G. Pizza*, Prosecuting Attorney, and *Larry J. Kiroff*, Assistant Prosecuting Attorney, for appellee.

*J. Dean Carro*, for appellant.

---

*Per Curiam.*

The Lucas County Court of Common Pleas filed a judgment entry with findings of fact and conclusions of law relating to this case on March 19, 1991. The judgment entry contained the court's denial of a motion for summary judgment filed by appellant, Alton McCullough, relating to his petition for post-conviction relief. The judgment entry also contained the court's order granting the state's motion for summary judgment on the same matter. Appellant filed his notice of appeal on April 10, 1991 and presents two assignments of error, which state:

"I. The court below erred when it held that former R.C. 2901.01 defined a single offense, since *State v. Ferguson's* analysis is not binding owing to subsequent retroactive case law, and since an independent analysis reveals a legislative intent to define a single offense. As a result of the multiple sentences in this case, appellant McCullough's protection against being twice placed in jeopardy under Art. I, §§ 9, 10 of the Ohio Constitution and the Double Jeopardy Clause of the United States Constitution was violated.

"II. The court below erred when it held that appellant McCullough's failure to appeal his 1966 conviction barred post-conviction relief under the doctrine of *res judicata*, since that original judgment was void, not voidable, and therefore always subject to attack."

The trial court docket sheet included in the record indicates that appellant was indicted by the Lucas County Grand Jury on January 27, 1966 for one count of felony murder and one count of premeditated murder. Both counts stemmed from the death of one victim who was killed during appellant's involvement in a robbery. Appellant entered a plea of guilty to one count and a plea of not guilty to the second count. He stood trial on the second count before a three-judge panel and was found guilty on July 26, 1966. He

received two life sentences. Appellant filed, and then withdrew, a motion for a modification of his sentence. No direct appeal was ever sought.

Appellant was denied relief in the trial court on the basis of *res judicata.* The trial court ruled that the original sentencing judgment entry was not void and could not, therefore, be challenged in a post-conviction relief petition. The court also ruled that constitutional issues not raised at trial or on appeal cannot be raised for the first time in post-conviction relief proceedings. We affirm the trial court's ruling.

■ Appellant contends in support of his first assignment of error that the original order sentencing him to two life terms was void. He states that a reading of the murder statute in effect at the time of his convictions shows that the statute defines only one offense, rather than several. The statute then read:

"No person shall purposely, and either of deliberate and premeditated malice, or by means of poison, or in perpetrating or attempting to perpetrate rape, arson, robbery, or burglary, kill another.

"Whoever violates this section is guilty of murder in the first degree and shall be punished by death unless the jury trying the accused recommends mercy, in which case the punishment shall be imprisonment for life.

"Murder in the first degree is a capital crime under Sections 9 and 10 of Article I, Ohio Constitution." (Former R.C. 2901.01.)

Appellant acknowledges that the Supreme Court of Ohio previously ruled that an individual could be charged, convicted, and sentenced for both felony murder and premeditated murder under the very statute applied in his case. *State v. Ferguson* (1964), 175 Ohio St. 390, 25 O.O.2d 383, 195 N.E.2d 794, paragraph one of the syllabus. However, appellant urges this court to review *State v. Ferguson* and to rule that the approach taken by our state Supreme Court in 1964 to decide the case was incorrect. We decline to yield to appellant's urging.

In *State v. Ferguson, supra,* at paragraph one of the syllabus, the Supreme Court of Ohio ruled:

"The killing of another purposely and in perpetrating or attempting to perpetrate a robbery and the killing of the same person purposely and of deliberate and premeditated malice are separate and distinct offenses of first degree murder and, under Section 2901.01, Revised Code, may properly be charged in separate counts of an indictment."

To reach that ruling, the court applied a test for determining whether the provisions of a statute delineate one offense or more than one offense. The test used by the court was:

" * * * Are the facts necessary to secure a conviction under one count of the indictment sufficient to secure a conviction under the other count. If the facts which would support a conviction under one count would not necessarily support a conviction under the other count, then the offenses charged are separate and distinct crimes, although the offenses charged may have been committed by the same act or acts." *Id.* at 394, 25 O.O.2d at 385, 195 N.E.2d at 797.

The test applied in *State v. Ferguson* was established by the United States Supreme Court in 1932, *Blockburger v. United States* (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309, to ensure that a person was not wrongfully punished for two crimes instead of one, in violation of the Double Jeopardy Clause, when the statute violated established only one crime. Appellant argues that the court erred in *Ferguson* because it immediately applied the test from *Blockburger,* which is a statutory construction test, without first making a statement that it had evaluated the murder statute and had determined that on its face it did not define only one offense. In other words, appellant argues that a statutory construction rule should be resorted to only after a statute has been examined and found to be ambiguous on its face. In support, appellant cites a 1981 decision from the United States Supreme Court, *Albernaz v. United States* (1981), 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275. In *Albernaz* the court stated:

"The *Blockburger* test is a 'rule of statutory construction,' and because it serves as a means of discerning congressional purpose the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent. * * *" *Id.* at 340, 101 S.Ct. at 1143, 67 L.Ed.2d at 282.

Appellant argues that the ruling in *Albernaz* must be applied retroactively, thereby invalidating the decision in *Ferguson,* as appellant states that the murder statute at issue in *Ferguson* was not ambiguous on its face. To substantiate his claim that the ruling in *Albernaz* should be applied retroactively, appellant cites a 1982 decision from the United States Supreme Court, *United States v. Johnson* (1982), 457 U.S. 537, 102 S.Ct. 2579, 73 L.Ed.2d 202. However, while the *Johnson* court did state that decisions construing the Fourth Amendment were retroactive, the court further stated:

"[W]e express no view on the retroactive application of decisions construing any constitutional provision other than the Fourth Amendment. * * *" (Footnote omitted) *Id.* at 562, 102 S.Ct. at 2594, 73 L.Ed.2d at 222.

Accordingly, we refrain from retroactively imposing case law from the 1980s to render invalid a decision of the Supreme Court of this state made in the 1960s. Furthermore, we are not persuaded that just because no affirmative statement to the effect was inserted in the *Ferguson* decision, the

Supreme Court of Ohio did not first determine the statute in question was not clear on its face. Appellant's first assignment of error is not well taken.

Appellant contends under his second assignment of error that the trial court erred when it ruled his petition for post-conviction relief was barred by *res judicata*. Appellant agrees that precedent exists in this state that:

"Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21 *et seq.*, Revised Code, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him." *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph seven of the syllabus.

Appellant also agrees that precedent exists that:

"Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction, *or on an appeal* from that judgment." (Emphasis *sic*.) *Id.* at paragraph nine of the syllabus.

However, he states that an exception exists if a judgment of conviction is void. *Id.* at paragraph five of the syllabus. A judgment is void if the rendering court lacked subject matter or personal jurisdiction. See *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 70, 518 N.E.2d 941, 943. Appellant argues that the judgment in his conviction was void for the reasons he explained in his first assignment of error. We have already rejected the arguments advanced by appellant in his first assignment of error.

We do not accept his contention that the judgment entry setting forth his convictions on two counts of murder and sentencing him to two life terms is void. The sentencing court had both personal and subject matter jurisdiction when it convicted and sentenced appellant. Accordingly, the doctrine of *res judicata* does apply to bar his petition for post-conviction relief. Appellant's second assignment of error is not well taken.

The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

HANDWORK, P.J., and GLASSER, J., concur.

SHERCK, J., concurs in part and dissents in part.

SHERCK, Judge, concurring in part and dissenting in part.

I agree with the majority that the issue is barred by principles of *res judicata.* Double jeopardy claims can be waived by failure to raise the issue. *United States v. Vontsteen* (C.A.5, 1992), 950 F.2d 1086; *United States v. Bascaro* (C.A.11, 1984), 742 F.2d 1335. Clearly, this issue could have been raised on direct appeal, but was not. See *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104.

However, I disagree with the majority's failure to find error in the imposition of two consecutive life sentences for the killing of one person. This defies common sense. It results in the embrace of the bizarre.

The entire analysis of this issue has broken down because the majority in this court, as well as the court in *Ferguson,* failed to properly consider that the legislature passed only one statute defining and prohibiting first degree murder. The essence of the crime of murder is the killing. There was but one killing. There should be one sentence for that killing because the legislature fixed the killing as the allowable unit of prosecution.

In *State v. Best* (1975), 42 Ohio St.2d 530, 534, 71 O.O.2d 517, 519, 330 N.E.2d 421, 424, the court, in discussing double jeopardy, quoted the following from *Blockburger:*

" ' * * * The applicable rule [under the Fifth Amendment] is that, where the same act or transaction constitutes a violation of *two distinct statutory provisions,* the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. * * * "A single act may be an offense against *two statutes;* and if *each statute* requires proof of an additional fact which the other does not, an acquittal or conviction under *either statute* does not exempt the defendant from prosecution and punishment under the other." ' " (Emphasis added and footnote deleted.)

The ruling of the majority in the case at bar is flawed because the majority is busy conducting its examination, not of two statutes, but of two phrases within a single statute that prohibits the killing of another.

In *Sanabria v. United States* (1978), 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43, the court held that the crime of engaging in a gambling business was but one offense even though it could be committed in many ways by violating the various state gambling statutes. The court held that Congress determines the allowable unit of prosecution by statutory prescription. Congress could have made each act of gambling a separate federal offense but, by failing to do so, Congress removed that option from the prosecutor.

593

Arguably, any resourceful prosecutor could examine a criminal statute and find two different methods of committing the same crime. However, the decision to create two crimes should be the legislature's, not the prosecutor's. I find nothing in former R.C. 2901.01 that in any way indicates that the legislature intended that a single murder be declared two murders. R.C. 2901.01 clearly prohibits but one crime—murder.