Defendant-appellant Mtu Akili, f.n.a. Darrin A. Austin, pro Se, appeals from the denial of his Petition for Post-Conviction Relief made pursuant to R.C. 2953.21. For the reasons adduced below, we affirm.
A review of the record on appeal indicates that defendant pled guilty on June 20, 1983, to one count of Attempted Aggravated Arson in violation of R.C. 2923.02 and 2909.02.[1] See Journal Vol. 799, page 741, journalized July 1, 1988.[2] At the sentencing hearing conducted on July 24, 1989, the defendant was sentenced to a term of five to fifteen years. The imprisonment was suspended and defendant was placed on one year of inactive probation and ordered to pay costs. See Journal Vol. 874, page 845, journalized July 31, 1989, and Journal Vol 877, page 991, journalized August 16, 1989.
On March 31, 1997, defendant filed his post-judgment Petition (which was titled "Petition for Writ of Error Coram Nobis to Reverse and Vacate an Unconstitutional Conviction") in which he argued that his guilty plea was not knowingly and intelligently made Specifically, defendant alleged in opening the Petition: (1) ineffective assistance of trial counsel in not fully informing the defendant of "the true nature of the crime and coerced" him into pleading guilty; (2) the trial court, in accepting the plea, did not ask the defendant "his understanding of the law in relation to the facts of the case. . ."; and, (3) he was not told by the court or counsel that "he could be punished multiple times in the future for a single act. . .". See Petition at 1. Within the argument section of the Petition, the defendant argued that the trial court, in taking the plea, did not adequately inform him of his privilege against self-incrimination, the right to a jury trial, and the right to confront his accusers. See Boykin v.Alabama (1969), 395 U.S. 238, 242-243. Defendant also argued that counsel was ineffective in failing to adequately investigate the facts of the offense and by urging him to plead guilty. There was no evidence attached to the Petition.
On March 3, 1998, the trial court issued its Findings of Fact and Conclusions of Law denying the subject Petition upon concluding that the change of plea was voluntarily, knowingly and intelligently made.
This appeal from that decision presents one assignment of error.
 I THE COURT OF COMMON PLEAS ERRED IN DENYING APPELLANT'S PETITION FOR POST CONVICTION RELIEF AGAINST THE GRAIN OF BOYKIN V. ALABAMA, WHEN APPELLANT PROVIDED SUFFICIENT EVIDENCE SHOWING THAT HIS PLEA OF GUILTY WAS UNCONSTITUTIONALLY ACCEPTED.
In this lone assignment, appellant makes two arguments. First, it is argued that the trial court failed to adequately inform him of the constitutional rights he was waiving by pleading guilty. Second, it is argued that trial counsel was ineffective in not fully investigating the charge brought by the State and the alleged evidence underlying the charge, and in pressuring him to change his plea. We will address each argument seriatum.
As to the first argument, it is noted that,
 Under the doctrine of res judicata, constitutional issues cannot be considered in post-conviction proceedings under R.C. 2953.21
where they have already been or could have been fully litigated by the petitioner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment. State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104; State v. McCullough (1992), 78 Ohio App.3d 587, 591, 605 N.E.2d 962. Issues properly before a court on a petition for post-conviction relief are issues which could not have been raised on direct appeal due to the fact that the evidence supporting such issues is dehors the record. State v. Milariovich (1975), 42 Ohio St.2d 46, 325 N.E.2d 540; State v. Durr (July 28, 1994), Cuyahoga App. No. 65958, unreported. If a court finds that an issue raised in a petition for post-conviction relief has, or should have been raised on direct appeal or in a previous post-conviction relief motion, the court may dismiss the petition on the grounds of preclusion. State v. Spisak (Apr. 13, 1995), Cuyahoga App. No. 67229, unreported.
State v. Sullivan (October 15, 1998), Cuyahoga App. Nos. 72878 and 72879, unreported, 1998 Ohio App. LEXIS 4871, at 8.
In the case sub judice, the issue of the adequacy of the trial court's admonition regarding constitutional waivers could have, and should have, been addressed by way of a direct appeal from the conviction. It was not. Accordingly, the trial court did not err in denying, without an evidentiary hearing, that part of the Petition which raised this issue.
As to the second argument, there is no demonstrable evidence indicating what trial counsel did in preparing a defense for the charge, nor is there any evidence attached to the Petition which would cast suspicion on the performance of the trial counsel, nor is there any evidence presented which would reasonably demonstrate that the outcome of the proceedings would have been different in any way if only counsel had performed their duties in some manner more to the liking of the offender some seven and one-half years after the guilty plea. See Strickland v.Washington (1983), 466 U.S. 668, 688. (In order for an offender to prevail on a claim of ineffective assistance of counsel, it must be demonstrated when reviewing the conduct of counsel from counsel's perspective at the time, that: (1) counsel's assistance, considering all the circumstances, fell below an objective standard of reasonableness; and, (2) there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different.)
The assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
DIANE KARPTNSKT. P.J.: and
ANNE L. KITBANE. J. CONCUR.
_______________________ JAMES D . SWEENEY JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also, S.Ct.Prac.R. II, Section 2 (A) (1)
[1] The defendant was originally indicted on one count of Aggravated Arson in violation of R.C. 2909.02. 
[2] The record indicates that the original transcript from the plea hearing was subsequently destroyed. See Petition for Post Conviction Relief Findings of Fact and Conclusions of Law, page 2, fn. 3. Journal Vol. 1661, 602-610, at 603.