JOURNAL ENTRY AND OPINION
Petitioner, Larry K. Harbert, appeals from the judgment of the Cuyahoga County Court of Common Pleas dismissing his petition for post-conviction relief. For the reasons stated below, we affirm.
At approximately 11:00 p.m. on November 7, 1994, petitioner's vehicle struck a tree, killing the passenger in his car. Petitioner was transported to Metro General Hospital where he refused to consent to a blood test to determine his blood alcohol level. A urine sample obtained from petitioner during surgery, however, indicated that his blood alcohol level was .3.
On December 28, 1994, the Cuyahoga County Grand Jury indicted petitioner in a two-count indictment. Count One charged petitioner with aggravated vehicular homicide, in violation of R.C. 2903.06, with a specification for driving while under the influence of alcohol and two violence specifications. Count Two charged petitioner with driving under the influence, in violation of R.C. 4511.19.
At his arraignment on January 25, 1995, petitioner pled not guilty to the charges. The trial court determined that petitioner was indigent and assigned Mark Stanton as counsel.
On April 6, 1995, petitioner retracted his not guilty plea and pled guilty to Count One of the indictment. The trial court sentenced petitioner to an indefinite term of three to ten years in prison, plus court costs and revoked his driver's license for life. Count Two of the indictment was nolled.
Petitioner did not file any direct appeal. On August 27, 1996, petitioner filed a pro se petition for post-conviction relief pursuant to R.C. 2953.21. Petitioner claimed that he was denied his constitutionally guaranteed right to effective assistance of counsel because his trial counsel failed to inform him that: 1) he could challenge the constitutionality of the search and seizure of his bodily fluids; 2) intoxication is a defense to the charge of aggravated vehicular homicide; and 3) he could raise the issue of denial of a fair trial because his automobile had been destroyed prior to any testing or expert examination. Petitioner also contended that his trial counsel failed to interview witnesses who would have testified that petitioner was having problems with the steering mechanism in his car prior to the accident.
Petitioner claimed that, had he known of these defenses, he would have proceeded to trial, rather than pled guilty and, therefore, his guilty plea was not knowingly or intelligently made. Petitioner requested an evidentiary hearing on his petition and that counsel be appointed to represent him.
Petitioner submitted three sworn affidavits in support of his petition. Petitioner's affidavit averred that the facts set forth in his pro se petition were true. In his petition, petitioner contended that he had informed his counsel that prior to the accident, the steering wheel on his car had become stiff and difficult to turn. Petitioner stated that he had attempted to repair the steering mechanism approximately two weeks prior to the accident, but was unable to do so. Petitioner also contended that on the day of the accident, the victim, Douglas Jones, had repeatedly asked petitioner to take him to the hospital. Petitioner declined, however, telling Jones that he had been drinking all day and was in no condition to drive an automobile. Petitioner finally agreed to drive Jones to the hospital when Jones began coughing up blood.
In her affidavit, petitioner's wife, Frances Harbert, stated that in October of 1994, she observed petitioner working on the steering wheel of his car. She also stated that she was present during petitioner's meeting with Mark Stanton when Stanton advised petitioner to plead guilty. Harbert stated that Stanton told petitioner during this meeting that the police had authority to obtain a urine sample from petitioner without his consent. Stanton also told petitioner that he had tried to locate the witnesses who had observed petitioner working on his car, and was unable to do so, but if petitioner located them, he should bring them to Stanton's office for an interview. According to Harbert, Stanton also told petitioner that he had checked the police impound facilities throughout the city and determined that petitioner's car had already been destroyed.
In his affidavit, petitioner's next-door neighbor, Jeff Van Buren, stated that in late October, 1994, he had observed petitioner working on his car. In a subsequent conversation with petitioner, he learned that petitioner was repairing the steering mechanism of his car. Van Buren also stated that on November 7, 1994, he heard petitioner refuse to give a friend a ride at least three times. Finally, Van Buren averred that he told petitioner he would testify for him, but was never contacted by petitioner's attorney.
On September 16, 1996, the state filed a motion to dismiss petitioner's petition for post-conviction relief. The trial court granted the state's motion on March 23, 1998 and dismissed the petition for post-conviction relief without an evidentiary hearing.
In its Findings of Fact and Conclusions of Law, the court noted that petitioner had not met his burden of establishing that his trial counsel's performance fell below an objective standard of reasonable representation and that he was prejudiced by counsel's performance. In addition, the trial court stated that petitioner's claims could have been raised on direct appeal and, therefore, were barred by the doctrine of res judicata. Finally, the trial court noted that there is no right to counsel in a post-conviction proceeding and denied petitioner's request for appointed counsel.
Petitioner timely appealed, assigning the following assignments of error for our review:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT FAILED TO ADDRESS FULLY ALL ISSUES RAISED UPON POST-CONVICTION IN VIOLATION OF THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT FAILED TO HOLD AN EVIDENTIARY HEARING UPON EVIDENCE THAT DE HORS THE RECORD.
 III. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT APPLIED INAPPLICABLE CASE LAW THUS DENYING DEFENDANT ANY MEANINGFUL APPEAL.
 IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT FAILED TO SUBMIT HIS POST-CONVICTION PETITION TO THE OHIO PUBLIC DEFENDER TO ASCERTAIN IF IT WISHED TO REPRESENT HIM SHOULD AN EVIDENTIARY HEARING BE HELD.
R.C. 2953.21, which governs petitions for post-conviction relief, provides in pertinent part:
 (A) (1) Any person convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
* * *
 (C) * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of court, and the court reporter's transcript. * * *" If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
In his first assignment of error, petitioner contends that the trial court erred because it did not consider the affidavits attached to his petition. Petitioner asserts that because the affidavits contain evidence outside the record, if the court had considered the affidavits, it would have concluded that he was entitled to an evidentiary hearing. In his second assignment of error, petitioner contends that the trial court erred in denying his petition for post-conviction relief without a hearing because the affidavits contain evidence outside the record. In his third assignment of error, appellant argues that the trial court erred in dismissing his petition on the basis of res judicata because the affidavits attached to his petition contain evidence outside the record. Because these assignments of error have a common basis in law and fact, we consider them together.
Under the doctrine of res judicata, constitutional issues cannot be considered in post-conviction proceedings brought pursuant to R.C. 2953.21 where they have already or could have been fully litigated by the defendant, either before his judgment of conviction or on direct appeal from that judgment. State v.Perry (1967), 10 Ohio St.2d 175, paragraph seven of the syllabus;State v. McCollough (1992), 78 Ohio App.3d 587, 591. Issues properly raised in a petition for post-conviction relief are those which could not have been raised on direct appeal because the evidence supporting such issues is outside the record. Statev. Milanovich (1975), 42 Ohio St.2d 46, 50; State v. Durr (July 28, 1994), Cuyahoga App. No. 65958, unreported. If an issue has, or should have been, raised on direct appeal, the trial court may dismiss the petition on the basis of res judicata. State v.Spisak (Apr. 13, 1995), Cuyahoga App. No 67229, unreported.
Here, the trial court properly held that petitioner's claims that his counsel was ineffective because he failed to inform petitioner that he could challenge the constitutionality of the search and seizure of his bodily fluids and that intoxication is a defense to the charge of aggravated vehicular homicide were barred by the doctrine of res judicata. These claims could have been raised on direct appeal because the evidence supporting the claims is not outside the record.
Moreover, neither claim demonstrates that petitioner's counsel was deficient. As the trial court properly noted in its Findings of Fact and Conclusions of Law, petitioner gave his implied consent to a test of his urine. R.C. 4511.191(A), the Implied Consent statute, provides in pertinent part that, "Any person who operates a vehicle upon the highway * * * within this state shall be deemed to have given consent to a chemical test or test of his blood, breath, or urine for the purpose of determining the alcohol, drug, or alcohol and drug content of his blood." R.C.4511.191(B) provides that, "Any person who is dead or unconscious * * * shall be deemed not to have withdrawn consent." Accordingly, petitioner's constitutional rights against unreasonable search and seizure were not violated when the police obtained a urine sample from him to test his alcohol level and, therefore, petitioner's attorney did not err in not challenging the constitutionality of the urine test.
Furthermore, petitioner's claim that his counsel was deficient because he did not inform him that intoxication is an affirmative defense to the charge of aggravated vehicular homicide is without merit. Petitioner claims that he was too intoxicated to form the requisite intent to commit aggravated vehicular homicide. R.C.2903.06 provides, however, that "No person, while operating * * * a motor vehicle * * * shall recklessly cause the death of another * * * *." (Emphasis added). Thus, R.C. 2903.06 requires a finding of recklessness, not specific intent. Evidence that petitioner was driving under the influence of alcohol is sufficient to support a finding of recklessness. Accordingly, petitioner's trial counsel properly did not advise petitioner that his intoxication was an affirmative defense to the charge of aggravated vehicular homicide.
Petitioner also claims, however, that his trial counsel was ineffective because he did not interview witnesses who would have testified that petitioner was having problems with the steering mechanism in his car prior to the accident and did not inform petitioner that he was entitled to make a claim of denial of a fair trial because his vehicle had been destroyed before it could be examined. These claims could not have been decided on direct appeal without resort to evidence outside the record. Accordingly, the trial court erred when it noted that these claims were barred because they could have been raised on direct appeal.
However, although the trial court erroneously concluded that these claims were barred by the doctrine of res judicata, it also proceeded, pursuant to R.C. 2953.21 (C), to determine whether petitioner had submitted evidentiary documents containing sufficient operative facts to warrant a hearing regarding these claims. The trial court dismissed the claims without a hearing because petitioner failed to make the requisite showing of deficient performance and prejudice. We agree.
To prevail on a claim of ineffective assistance of counsel, a defendant must show that: 1) there was a substantial violation of any of defense counsel's essential duties to his client; and 2) defendant was materially prejudiced by counsel's ineffectiveness.State v. Lytle (1976), 48 Ohio St.2d 391, 396-397. To warrant reversal, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington (1984), 466 U.S. 668,694.
In reviewing a claim of ineffective assistance of counsel, a court should presume that a properly licensed attorney executes his legal duty in an ethical and competent manner. State v. Smith
(1985), 17 Ohio St.3d 98; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299.
Here, petitioner failed to demonstrate a substantial violation of any of counsel's essential duties by counsel's alleged failure to interview witnesses. Indeed, Harbert's affidavit states that petitioner's counsel told petitioner that he could not locate the witnesses, but would interview them if petitioner found them. We cannot say that this was unreasonable.
There is also no evidence that counsel's alleged failure to advise petitioner that he could make a claim of denial of fair trial because his vehicle had been destroyed was a violation of counsel's duties. Petitioner failed to offer any evidence that his vehicle was not legally destroyed and, therefore, that any claim of denial of fair trial was available to him.
Moreover, even assuming that counsel's performance was deficient, petitioner failed to demonstrate that, but for his counsel's alleged deficiencies, there is a reasonable probability that the outcome of the proceedings would have been different in any way. Under the totality of the circumstances, we cannot say that petitioner was denied effective assistance of counsel. SeeState v. Sullivan (Oct. 15, 1998), Cuyahoga App. Nos. 72878, 72879, unreported. Accordingly, the trial court did not err in dismissing petitioner's petition for post-conviction relief without first conducting an evidentiary hearing.
Petitioner's first, second and third assignments of error are not well-taken.
In his fourth assignment of error, petitioner contends that the trial court erred in denying his request for appointed counsel. We disagree.
An indigent petitioner has neither a state nor a federal constitutional right to be represented by an attorney in a post-conviction proceeding. State v. Crowder (1991), 60 Ohio St.3d 151, 152. A petitioner is entitled to representation-at an evidentiary hearing on a post-conviction relief petition, however, if the public defender concludes that the issues raised by the petitioner have arguable merit. Id., paragraph one of the syllabus.
We have already determined that the trial court properly dismissed petitioner's petition without an evidentiary hearing. Accordingly, there was no requirement that counsel be appointed for petitioner and the trial court properly denied petitioner's request for counsel.
Petitioner's fourth assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J. and MICHAEL J. CORRIGAN, J., CONCUR.
 ______________________________ TIMOTHY E. McMONAGLE PRESIDING JUDGE