OPINION
Defendant-appellant, James Harrison, proceedingpro se, appeals the decision of the Warren County Court of Common Pleas denying his motion for judicial release and petition for postconviction relief. We affirm the decision of the trial court.
Appellant pled guilty to three counts of burglary in 1998. The trial court sentenced appellant to three concurrent terms of four years in prison. The trial court ordered appellant to serve his sentences consecutively to a prior sentence for which appellant had been on parole.
Appellant did not directly appeal his plea or sentences. Instead, appellant filed a bewildering array of variously captioned motions requesting that the trial court vacate or modify his sentences, including a petition for postconviction relief. The trial court denied all of appellant's motions. Appellant twice moved the trial court for judicial release pursuant to R.C.2929.20. The trial court held a hearing on each motion and denied judicial release.
On February 18, 1999 appellant filed a "Petition to Vacate or Set Aside Sentence" and again moved the trial court for judicial release. The trial court overruled both motions. From this decision of the trial court, appellant appeals and raises five assignments of error.
Assignment of Error No. 1:
 The Warren county court via the State of Ohio reneged in its plea agreement to allow the defendant to testify as promised against the co-defendant. [sic]
Assignment of Error No. 2:
 The Warren county court via the State of Ohio erred in its Sentencing Procedure (Criminal rule 11) by not informing the defendant that he was or was not eligible for probation, and they erred by not doing a pre-sentence investigation. [sic]
Assignment of Error No. 3:
 The Warren county court via the State of Ohio erred in sentencing the defendant to consecutive sentences rather than changing the sentencing to concurrent to old number without being so informed. Nor did the judge himself sentence defendant to the concurrent terms. [sic]
Assignment of Error No. 4:
 The Warren county court via the State of Ohio erred in the plea agreement that was originally recommended by the State of Ohio and the defendant's attorney in chambers to a sentence of 3-2 year sentences, concurrent. [sic]
Assignment of Error No. 5:
 The Warren county court via the State of Ohio erred in the violating of the defendant's constitutional rights of the Ohio and the United States and by denying his due process rights to a fast and speedy trial, through his appointed counsel, by counsel filing for continuances without defendant's knowledge or consent. [sic]
In his assignments of error, appellant basically challenges his plea, the underlying conviction and the sentences imposed by the trial court. In a prior entry in this case we instructed the parties that the only issue properly before this court is whether the trial court correctly denied appellant's motion for judicial release and his "Petition to Vacate and Set Aside Sentence." Thus, we will construe appellant's appeal from the trial court's decision denying his motion for judicial release and petition to vacate his sentences as alleging that the trial court erred by denying the requested relief. We will address the denial of each in turn.
I. Motion for Judicial Release
The record in this case reflects that appellant filed three motions for judicial release. After conducting a hearing, the trial court overruled appellant's first two motions. The trial court denied appellant's third motion without conducting a hearing. It is from the trial court's denial of the third motion that appellant filed this appeal.
A court of appeals has no jurisdiction to review the denial of motions for judicial release absent a violation of some constitutional or statutory standard because they are not final appealable orders. See State v. Curtis (Dec. 6, 1999), Clinton App. No. CA99-07-019, unreported; State v. Byrum (Oct. 29, 1999), Clark app. No. 99 CA 38, unreported; State v. Waller (Oct. 31, 1997), Trumbull App. No. 97-T-0085, unreported. R.C. 2929.20(C) provides when a trial court may grant a motion for judicial release and states, in part:
 Upon receipt of a timely motion for judicial release filed by an eligible offender * * * or upon the sentencing court's own motion * * * the court may schedule a hearing on the motion. The court may deny the motion without a hearing but shall not grant the motion without a hearing. If a court denies a motion without a hearing, the court may consider a subsequent judicial release for that eligible offender on its own motion or a subsequent motion filed by that eligible offender. If a court denies a motion after a hearing, the court shall not consider a subsequent motion for that eligible offender. The court shall hold only one hearing for any eligible offender.
The trial court denied appellant's first two motions for judicial release after conducting a hearing. Pursuant to the plain meaning of the statute, the trial court was unable to consider any subsequent motion for judicial release. Therefore, the trial court correctly denied appellant's third motion for judicial release and cannot consider any additional motions filed by appellant. Thus, the trial court correctly followed the statutory scheme of R.C. 2929.20(C) and this court is without jurisdiction to review any of the trial court's substantive reasons for denying judicial release.
II. Petition to Vacate or Set Aside Sentence
Appellant's motion to vacate his sentence claimed that his plea and sentences violate his constitutional rights. Where a criminal defendant, subsequent to his direct appeal or the expiration of the time for filing a direct appeal, files a motion seeking vacation or correction of his sentence on the basis that his constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus. Therefore, we will construe appellant's petition, despite its caption, as a petition for postconviction relief. See id at 160.
Appellant previously filed a petition for postconviction relief on April 14, 1998, which the trial court denied. Therefore, we must construe appellant's most recent petition as a successive petition for postconviction relief.
R.C. 2953.23 governs the requirements for filing successive petitions for postconviction relief. Under the statute, the trial court is forbidden to entertain successive petitions filed after the one hundred eighty-day time limit in R.C. 2953.21(A) unless certain conditions are met. First, the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since the last petition, recognized a new federal or state right that applies retroactively to the petitioner. R.C. 2953.23(A)(1). Second, the petitioner must also show by clear and convincing evidence that, but for the constitutional error, a reasonable factfinder would not have found him guilty. R.C. 2953.23(A)(2).
Appellant has failed to show either of the requisite criteria of R.C. 2953.23. Therefore, he is bound by the one hundred eighty-day limit found in R.C. 2935.21(A)(2), and the trial court was not permitted to entertain his petition, which was filed well after the time limit had elapsed. Appellant's petition was untimely, and the trial court appropriately denied the petition.
Moreover, it is established that, pursuant to res judicata, a defendant cannot raise an issue in a motion for postconviction relief if he could have raised the issue on direct appeal.Reynolds, 79 Ohio St.3d at 161, citing State v. Duling (1970),21 Ohio St.2d 13; State v. McCullough (1992), 78 Ohio App.3d 587;State v. Szefcyk (1996), 77 Ohio St.3d 93, syllabus. The claims raised in appellant's most recent petition all involve questions that could have been or should have been raised either on direct appeal or in his previous postconviction petition and are therefore res judicata.
Since appellant's petition for postconviction relief was untimely under R.C. 2953.23, and because the issues he raised were barred by res judicata, the trial court correctly denied the petition.
Therefore, the trial court correctly overruled appellant's motion for judicial release and petition to vacate his sentence. Accordingly, appellant's assignments of error are overruled.
 ________________________ POWELL, P.J.
YOUNG and WALSH, JJ., concur.