OPINION
Defendant-appellant, Charles E. Byrd, appeals from a decision of the Warren County Court of Common Pleas denying his petition for postconviction relief. The judgment of the trial court is affirmed.
On March 28, 1985, the Warren County Grand Jury returned an indictment charging appellant with gross sexual imposition and three counts of rape. The alleged victims were two young girls, ages six and nine. Appellant was represented by counsel, and on December 10, 1985, appellant pled guilty to one count of gross sexual imposition and to three counts of attempted rape. He was sentenced to one year for the gross sexual imposition charge, and five to fifteen years for each of the attempted rape charges, all sentences to be served consecutively. A different attorney was appointed to represent appellant on appeal. A notice of appeal was filed, which appellant subsequently voluntarily dismissed. Several years later appellant filed a motion to file a delayed appeal which was denied by this court.
On August 28, 1996, appellant filed, pro se, a "Petition to Vacate Conviction and Set Aside Sentence," which the trial court considered as a petition for postconviction relief. On September 19, 1996, the trial court granted appellant's motion for an indefinite continuance. Appellant filed a supplementary memorandum on June 5, 1998 requesting that the trial court rule on the petition. In an entry filed December 29, 1999, the trial court denied the petition, concluding that appellant's claims were based entirely upon issues that could have been raised on direct appeal. The trial court further found that appellant's claim of ineffective assistance of counsel was conclusory and unsupported by any evidence. Appellant appeals the denial of the petition for postconviction relief, raising four assignments of error.
In his first assignment of error, appellant challenges the validity of his guilty plea and subsequent sentence. Appellant contends that he was confused at the time he entered his plea and that he only intended to plead guilty to one count of attempted rape, not three. In his second assignment of error, appellant contends that his plea bargain is invalid as the prosecutor did not enter into the agreement in good faith, knowing that appellant only intended to plead guilty to one count of attempted rape. Appellant's third assignment of error alleges that the three attempted rape charges are allied offenses of similar import rather than multiple counts of the same offense. Appellant's last assignment of error alleges that his trial counsel was ineffective.
It is well-established that a defendant cannot raise an issue in a motion for postconviction relief if he could have raised the issue on direct appeal. State v. Reynolds (1997), 79 Ohio St.3d 158,161, citing State v. Duling (1970), 21 Ohio St.2d 13; Statev. Szefcyk (1996), 77 Ohio St.3d 93, syllabus; State v. McCullough
(1992), 78 Ohio App.3d 587. The doctrine of res judicata
precludes a convicted defendant "from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment." Szefcyk,77 Ohio St.3d at 96. Further, when a defendant is represented by new counsel upon direct appeal and fails to raise the issue of competent trial counsel on direct appeal, res judicata bars his later claim of ineffective assistance of counsel in a petition for post conviction relief. See State v. Cole (1982), 2 Ohio St.3d 112, syllabus.
The claims raised in appellant's petition for postconviction relief all involve questions that could have been raised on direct appeal. There was nothing that precluded appellant from directly appealing the issues of the validity of his plea, his sentencing on multiple counts, and the competence of his trial counsel. Accordingly, appellant can not now use these claims as a basis for a petition for postconviction relief. Szefcyk,77 Ohio St.3d at 96; Cole, 2 Ohio St.3d at syllabus. We find no error in the trial court's dismissal of appellant's petition and therefore overrule the assignments of error. The judgment of the trial court is affirmed.
 ________________________ WALSH, J.
POWELL, P.J., and VALEN, J., concur.