DECISION AND JUDGMENT ENTRY
This is an appeal from a July 18, 2000 decision of the Lucas County Court of Common Pleas, in which the court made findings of fact and conclusions of law and denied a petition for postconviction relief filed by appellant, Ronald Robinson. Appellant has presented one assignment of error for consideration on appeal, that reads:
 "The trial court errored [sic] to the prejudice of the appellant by it's [sic] determination that jeopardy never attached in the proceeding before the Municipal Court of Toledo."
Before we address the assignment of error, we will first review the facts and procedure in this case.
On October 8, 1998, the grand jury sitting in Lucas County, Ohio, filed an indictment in the Lucas County Court of Common Pleas in which appellant was charged with one count of Possession of Cocaine, a violation of R.C. 2925.11(A) and (C)(4)(a), a fifth degree felony. On November 8, 1998, appellant pleaded not guilty.
On January 8, 1999, appellant filed a motion seeking a transcript from a preliminary hearing held in Toledo Municipal Court. Appellant informed the trial court that there might be a double jeopardy issue in this case because of a hearing and plea agreement that took place in the Toledo Municipal Court. On January 19, 1999, the motion for the transcript from Toledo Municipal Court was granted. The record shows appellant did nothing more to assert a defense of double jeopardy.
Instead, on June 14, 1999, appellant entered a no contest plea to the possession of cocaine charge brought against him in the Lucas County Court of Common Pleas. The trial court accepted the plea, found appellant guilty, and on July 1, 1999, sentenced appellant to serve eleven months in prison. Appellant filed a notice of appeal from his conviction and sentencing on July 30, 1999.[1] The trial transcripts were filed in the court of appeals for appellant's direct appeal on November 9, 1999.
While his direct appeal was pending, and within one hundred eighty days after his trial transcript was filed in this court on appeal, appellant filed a petition for postconviction relief in the trial court, on May 8, 2000. In his petition, he said:
 "I was convicted and sentenced in Toledo Municipal, to an amend [sic] CRB-98-17164 charge. The same charge I was sentenced in Common Pleas Court. CR-98-2779. There was no hearing given to me for plea withdraw [sic] in Municipal Court."
He alleged that his double jeopardy protections were violated.
On May 21, 2000, appellee, the state of Ohio, filed a motion for summary judgment/motion to dismiss in response to appellant's petition for postconviction relief. Appellee acknowledged that appellant was initially charged in the Toledo Municipal Court for a misdemeanor of permitting drug abuse for the same incident which subsequently led to the felony charge of possession of cocaine that was filed against appellant in the Lucas County Court of Common Pleas. However, appellee alleged that appellant asked permission to withdraw his no contest plea to the misdemeanor charge in the Toledo Municipal Court proceedings, and that the permission was granted. Appellee said after the Toledo Municipal Court vacated appellant's plea in that court and any findings connected to that plea, appellant was indicted in the Lucas County Court of Common Pleas case.
Appellee argued that double jeopardy does not apply "to prevent subsequent prosecution of a charge when it is the accused and not the State, who withdraws the plea."
On July 18, 2000, the trial court filed a judgment entry containing findings of fact and conclusions of law that appellant now challenges in this appeal. In its findings of fact, the trial court recounted the procedural history of this case. The trial court then made the following pertinent conclusions of law:
 "3. After a thorough review of the information presented, the Court determines that jeopardy never attached in the proceeding before the Toledo Municipal Court, and therefore, the conviction established in this Court, Case No. CR 98-2779, is hereby affirmed.
 "4. As established in State v. James (June 13, 1986) [sic] Lucas App. No. WD-85-59, unreported, jeopardy shall not attach when the accused, rather than the state, withdraws a plea prior to sentencing. Accordingly, jeopardy never attached in the proceeding before the Toledo Municipal Court.
 "5. For the reasons set forth above, the Court does not find that the petition and the files and records of the case show that petitioner is entitled to relief, and the Court hereby denies relief on the petition."
Appellant then filed this appeal.
The arguments presented by the parties on appeal in support of or in opposition to appellant's sole assignment of error relate to whether or not the common pleas court erred when it ruled that jeopardy never attached in the municipal court proceedings. However, for the following reasons we find it unnecessary to consider and decide the merits of these arguments.
As we noted in our discussion of the procedural history of this case, appellant, while represented by counsel, had full opportunity to raise the issue of a double jeopardy violation as a defense in the common pleas court after his misdemeanor convictions were vacated and he was indicted on the felony charge. Indeed, appellant was granted permission to get the transcript of proceedings from the municipal court, and informed the common pleas court that there was a possible double jeopardy issue. Nevertheless, the record shows appellant chose not to assert the defense of double jeopardy, and instead entered a no contest plea that led to the conviction he now wishes to challenge through a petition for postconviction relief.
The above recounted facts are significant because the Supreme Court of Ohio has ruled:
 Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21 et seq, Revised Code, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him.
* * *
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." State v. Perry (1967), 10 Ohio St.2d 175, paragraphs seven and nine of the syllabus.
This court has previously acknowledged that the rulings of the Supreme Court of Ohio make res judicata applicable to double jeopardy claims raised for the first time in a petition for postconviction relief, when the claims could have been raised in the trial court or on appeal. Statev. McCullough (1992), 78 Ohio App.3d 587, 591-592. In this case, while appellant may have had difficulty trying to raise this issue on direct appeal because he did not file the record from the municipal court proceedings in his felony case in the common pleas court before he entered his no contest plea and was convicted of the felony in common pleas court, he would have had no difficulty in raising the issue in common pleas court as a defense to the felony charge or in filing the needed documents to support his defense of double jeopardy. Because appellant had an opportunity to have the defense of double jeopardy fully litigated while he was represented by counsel, and he chose not to pursue the defense before his conviction, appellant has waived the defense of double jeopardy and is barred by res judicata from raising it through a petition for postconviction relief. Appellant's sole assignment of error is found not well-taken.
The judgment of the Lucas County Court of Common Pleas that appellant's petition for postconviction relief is denied is affirmed, because appellant's claim of a double jeopardy violation is barred by resjudicata. Appellant is ordered to pay the court costs of this appeal.
 ___________________________ Richard W. Knepper, J.
JUDGE
Mark L. Pietrykowski, P.J., George M. Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] On August 4, 2000, this court affirmed the judgment of the trial court, after reviewing an Anders brief and finding that the appeal was wholly frivolous. State v. Robinson (Aug. 4, 2000), Lucas App. No. L-99-1255, unreported.