JOURNAL ENTRY AND OPINION
Defendant-appellant, Theodore Jackson, appeals the decision of the Cuyahoga County Common Pleas Court denying his petition for postconviction relief. For the reasons that follow, we affirm.
The record reveals that appellant was charged with one count each of kidnaping, in violation of R.C. 2905.01, and aggravated robbery, in violation of R.C. 2911.01, and two counts of felonious assault, in violation of R.C. 2903.11. Each count contained prior conviction and repeat violent offender specifications. Appellant eventually pleaded guilty to these charges and was sentenced to concurrent four-year terms of imprisonment on each count. Appellant did not immediately appeal these convictions.[1]
Appellant thereafter filed a petition for postconviction relief claiming that he was entitled to relief on the basis that he (1) was denied the right to counsel at his arraignment; (2) did not waive his right to trial by jury; (3) was denied an adequate competency hearing; and (4) alternatively, that his trial counsel was ineffective.[2] In support of the petition, appellant attached, inter alia, transcripts from the arraignment and competency hearings as well as his own affidavits attesting to the lack of involvement by the attorney assigned to represent him. The state moved to dismiss the petition, which the trial court granted without a hearing. In its findings of fact and conclusions of law, the court discredited the averments made by appellant in his affidavits and concluded that appellant's claims were barred by res judicata.
Appellant is now before this court and assigns three errors for our review, each essentially challenging the trial court's denial of his petition for postconviction relief.
The statutory framework governing postconviction relief is set forth in R.C. 2953.21 et seq. This statute provides a mechanism for criminal defendants to petition the court for an evidentiary hearing and request relief on the basis that their convictions are void or voidable on state or federal constitutional grounds. See R.C. 2953.21(A)(1). It is the petitioner, nonetheless, who bears the burden of submitting evidentiary documents containing sufficient operative facts to demonstrate his claim and merit a hearing. State v. Jackson (1980), 64 Ohio St.2d 107, 111; see, also, State v. Calhoun (1999), 86 Ohio St.3d 279, 282-283. A petition for postconviction relief is subject to dismissal without a hearing when the record indicates that the petitioner failed to submit evidentiary material containing sufficient operative facts. Id. at paragraph two of the syllabus; see, also, R.C. 2953.21(C).
Likewise, a petition filed under this statute may be dismissed without an evidentiary hearing when the claims asserted therein are barred by the doctrine of res judicata. Under this doctrine, a final judgment of conviction bars a defendant who had counsel from raising and litigating in any proceeding, except in an appeal from the judgment, any defense or claim of lack of due process that was raised or could have been raised by the defendant at trial or on direct appeal. See State v. Perry (1967),10 Ohio St.2d 175, paragraph nine of the syllabus; State v. McCullough (1992), 78 Ohio App.3d 587, 591. If a court finds that an issue raised in a petition for postconviction relief has, or should have, been raised at trial or on direct appeal, the trial court may dismiss the petition without a hearing on the grounds of preclusion. State v. Perry, supra.
 I.
Appellant's first and second assignments of error are related and will be discussed together. Succinctly, appellant claims that the trial court failed to appoint counsel for him and he was, therefore, denied the assistance of counsel during his arraignment and later court proceedings. In particular, appellant argues that because a court speaks through its journal and there is no journal entry appointing him counsel, he was denied the assistance of counsel.
It is axiomatic that a criminal defendant has a right to counsel pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution. Moreover, it is well established that an indigent defendant in a criminal proceeding has the right to have counsel appointed for him or her. Gideon v. Wainwright (1963), 372 U.S. 335, 9 L.Ed.2d 799, 83 S.Ct. 792.
Contrary to appellant's assertions, however, counsel was present at his arraignment. The record reflects that an assistant attorney from the Public Defenders' Office, Jack Green, was present at the appellant's arraignment and that this attorney not only conferred with appellant but interacted with the trial judge.
Moreover, the court noted at this time that counsel would be appointed to represent appellant at further proceedings. It appears from the record that attorney Charles DeGross was so appointed and that he filed pretrial motions on appellant's behalf. Furthermore, he or other counsel appeared at two subsequent hearings. The first hearing was held on November 21, 2000 and addressed the results of psychiatric testing completed by a court-appointed psychiatrist who concluded that appellant was both sane at the time of the offenses and competent to stand trial. Appellant's counsel requested an independent psychiatric evaluation, which the trial court granted. Notwithstanding, there is nothing in the record to support that this independent evaluation ever took place. The second hearing took place on February 9, 2001 and appellant was again present with counsel. The court noted that it had before it a competency report and appellant's counsel, on his behalf, stated that he had read the report and stipulated to its finding that appellant was competent. Appellant thereafter entered a guilty plea to the offenses as charged, which the court accepted.
It is true, as appellant states, that there is no separate entry following the arraignment specifically naming Attorney DeGross as the attorney appointed to represent him. This attorney, however, is named as the attorney of record in subsequent journal entries and, as stated above, filed pretrial motions on appellant's behalf and appeared in later court proceedings. The court did later enter a nunc pro tunc entry specifically assigning Attorney DeGross as counsel. Appellant's assertions to the contrary, we find that the trial court did appoint counsel on his behalf and that counsel was present at all court proceedings.
Notwithstanding appellant's mischaracterization regarding the appointment of counsel on his behalf, we note that this claimed error could have been addressed on direct appeal. To the contrary, on direct appeal, appellant confined his arguments to the ineffectiveness of the counsel he now claims he never received. Consequently, appellant's claim for relief under this assignment of error must fail not only because it could have been raised on direct appeal, but because appellant is unable to support his petition with any probative evidence de hors the record demonstrating his entitlement to relief under the postconviction statute.
Appellant's first and second assignments of error are not well taken and are overruled.
 II.
In his third assignment of error, appellant contends that the trial court erred in failing to issue findings of fact and conclusions of law regarding its decision to deny appellant's petition. He further argues that the trial court erred in failing to hold a hearing on his petition where he claims he could have obtained evidence to support his petition.
It is true that the trial court failed to issue findings of fact and conclusions of law as required by R.C. 2953.21(G), which requires such findings and conclusions when the trial court fails to find grounds for granting relief under this statute. On February 20, 2002, however, we remanded this case pursuant to App.R. 9(E) so that the court could issue the necessary findings and conclusions, which it subsequently did. To the extent that appellant's assigned error pertains to the trial court's failure in this regard, it is now moot.
Appellant nonetheless also argues under this assignment of error that the trial court failed to conduct an evidentiary hearing. He claims that had the court held such a hearing he would have been able to obtain the necessary evidence to support the petition.
Appellant misunderstands the statutory framework behind the postconviction relief statute. Reiterating, a petitioner under this statute must submit evidentiary documents containing sufficient operative facts supporting his or her claim sufficient to warrant a hearing. State v. Jackson, 64 Ohio St.2d at 111; see, also, State v. Calhoun,86 Ohio St.3d at 282-283. Failure to do so subjects the petition to dismissal without a hearing. See R.C. 2953.21(C). The same is true if a petitioner's claims were, or could have been, addressed at trial or on direct appeal. State v. Perry, 10 Ohio St.2d at paragraph nine of the syllabus.
In this case, appellant has set forth no set of operative facts sufficient to justify his entitlement to relief under this statute. To the contrary, each of appellant's claims could have been raised on direct appeal and are, therefore, barred by res judicata. It was therefore proper for the trial court to deny appellant's petition without a hearing.
Appellant's third assignment of error is not well taken and is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., AND ANN DYKE, J., CONCUR.
[1] Appellant did, however, file a motion for a delayed appeal, which this court granted. Notwithstanding, we found no merit to appellant's appeal and affirmed his convictions. See State v. Jackson, Cuyahoga App. No. 80299, 2002-Ohio-2744.
[2] On appeal, appellant confines his argument to his claim that he was denied the right to counsel at his arraignment and at further court proceedings.